IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RODERICK THORNTON, | : |
| Plaintiff, | : |
| VS. | : NO.: 5:16-CV-00495-MTT |
| Commissioner HOMER BRYSON; *et al.*, | : |
| Defendants. | : |

## **ORDER**

*Pro se* Plaintiffs Roderick Thornton, Timothy Dawkins, Erik Williams, Alfonzo Tippins, and Alex Cotton, all of whom are prisoners confined at Hancock State Prison in Sparta, Georgia, filed a 42 U.S.C. § 1983 action in this Court on November 14, 2016. ECF No. 1. They complained of various conditions of confinement in the Tier II disciplinary program at Hancock State Prison. ECF No. 1 at 7.

On January 24, 2017, the Magistrate Judge informed the Plaintiffs that *pro se* inmates are not permitted to join their claims together in a single lawsuit. ECF No. 8. The Court severed the claims and opened separate civil actions for each Plaintiff. ECF No. 8 at 2. Roderick Thornton was allowed to proceed in this case, i.e., Civil Action No. 5:16-CV-495-MTT. *Id.*

In a "declaration" attached to the original complaint, Thornton stated that he had been subjected to on-going "inhumane conditions" in the Tier II disciplinary program starting in July 2016. ECF No. 1-1 at 9. The Magistrate Judge determined that more information was necessary to process Thornton's claims and, therefore, informed Thornton that he needed to file an amended complaint using the Court's standard § 1983 form. ECF No. 8 at 2. He was told to seek relief only for his own injuries and was instructed how to proceed with his claims. ECF No. 8 at 2-3. The Magistrate Judge also granted Thornton's motion to proceed without prepayment of the full filing fee, but ordered him to

pay an initial partial filing fee of $5.33. ECF No. 8 at 4. Thornton was given twenty-one days from January 24, 2017 to submit the amended complaint and pay the initial partial filing fee. *Id*. He was informed that failure to comply, or notify the Court why he was unable to comply, would result in dismissal of his action. *Id*.

Thornton failed to respond. On April 12, 2017, the Magistrate Judge ordered Thornton to show cause why his case should not be dismissed for failure to comply. Again, Thornton was informed that failure to respond would result in dismissal of his civil action. ECF No. 9. Thornton failed to respond to the April 12, 2017 Order. *Id*.

Because Thornton has failed to respond to the Court's orders or otherwise prosecute his case, this action is **DISMISSED WITHOUT PREJUDICE**. See Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 31st day of July, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT